**IN THE COURT OF APPEALS OF IOWA**
No. 21-0629
Filed September 1, 2021

**IN THE INTEREST OF M.W.,**
**Minor Child,**

**R.W., Mother,**
    Appellant.
_____


    Appeal from the Iowa District Court for Polk County, Brent Pattison, District

Associate Judge.


    A mother appeals the termination of her parental rights to a child.

**AFFIRMED.**


    Arielle M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant

mother.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

    Michael Sorci of Youth Law Center, Des Moines, attorney and guardian ad

litem for minor child.



    Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to a child, born in 2019. She contends the State failed to prove the grounds for termination cited by the district court, termination was not in the child's best interests, and the court should have granted an exception to termination based on the parent-child bond.

The district court terminated the mother's parental rights pursuant to two statutory provisions. We may affirm on any ground supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). On our de novo review, we focus on Iowa Code section 232.116(1)(h) (2021), which requires proof of several elements, including proof the child cannot be returned to parental custody.

The mother began using methamphetamine and marijuana at the age of thirteen. She was twenty-seven at the time of the termination hearing, and she acknowledged regular drug use for all but two of the intervening years.

The mother also acknowledged the child was removed from her care after birth because the child "had drugs in her system." She conceded using drugs "consistently" while she was pregnant. The child was adjudicated in need of assistance.

Following the child's removal, the mother engaged in services to address her addiction and mental health. Her progress prompted the district court to order the child's return to her care. Within a month, the child was removed again after the mother relapsed on methamphetamine. The mother did not tell the department about the relapse until she was "caught." She conceded that, in the twenty-five months following the child's birth, the child was in her physical care for less than thirty days.

At the termination hearing, the mother sought the child's return "to [her] care . . . [t]oday." The department of human services social worker overseeing the case counseled against that outcome. She agreed the mother "made progress" and was sober "a couple months," but she noted that the child had "been removed from her mother's life for her entire life, except for a short month" and "[t]his has been going on for over two years, and we're not at a place where she can safely be returned." She expressed concern about the mother's "drug usage, her relationship with" a man who also used drugs, and her "overall . . . ability to provide a drug-free environment for" the child. The guardian ad litem similarly opined: "[C]onsidering the numerous prior attempts to address her lengthy addiction and prior terminations of parental rights to other children allowing for a third or fourth act of grace and mercy by the court can only be considered risky and not supported by the evidence."

In concluding that the State proved the elements of section 232.116(1)(h), the district court stated:

> While [the mother] can hold things together for periods of time—as demonstrated by her apparent sobriety in the late spring and early summer of 2020, and again at the start of 2021, longer lasting sobriety has been elusive. And, the Court cannot trust that she will be honest about drug use and work with providers to ensure safety when she does relapse.

(Citation omitted.) We concur in the court's assessment.

Termination must also serve the child's best interests. *See* Iowa Code § 232.116(2). The district court partially addressed the issue as follows:

> The Court does not doubt that [the mother] loves [the child]—it is exceptionally clear. But she has not been able to demonstrate the consistent sobriety—nor the transparency about relapse— necessary to safely parent a young child . . . .

. . . .

> [The child] needs and deserves a home free from the methamphetamine she has been exposed to when in her mother's care. . . . [I]t is clear [the child] needs closure on this two-plus year [child-in-need-of-assistance] odyssey. Given the Court's finding that she cannot be returned to her mother's care at this time, the Court finds termination is in her best interests under these circumstances.

Again, we concur in the court's assessment.

The mother finally contends termination of her parental rights was not warranted in light of the bond she shared with the child. *See* Iowa Code § 232.116(3)(c). The department caseworker conceded the existence of a bond and even conceded that the mother showed appropriate parenting during visitations. But the snapshot gleaned from supervised interactions has to be weighed against the mother's lengthy history of substance abuse, her recent relapse while the child was in her care, and her less than forthright behavior following the relapse. As the district court stated, the child's "need for permanency in a drug free home outweighs the importance of her bond with her mother at this point in the case."

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**